UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHELLE B. SAMPLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:14-CV-408-TAV-CCS |
| ) | |
| WELLS FARGO BANK, N.A., as Trustee ) | |
| on behalf of the holders of the Harborview ) | |
| Mortgage Loan Trust Mortgage Loan ) | |
| Pass-Through Certificates, Series 2006-12; ) | |
| RUBIN LUBLIN TN, PLLC; and ) | |
| SELECT PORTFOLIO SERVICING, INC.; ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court on the motions to dismiss filed by defendant Rubin Lublin TN, PLLC [Doc. 3], and defendants Wells Fargo Bank, N.A., and Select Portfolio Servicing, Inc. [Doc. 11]. Defendants move the Court to dismiss plaintiff Michelle Samples' complaint for lack of jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not responded, and her time in which to do so has passed. E.D. Tenn. R. 7.1, 7.2. For the reasons that follow, the Court concludes that it lacks subject matter jurisdiction over this case. Therefore, defendants' motions to dismiss will be granted.

## I. Background

This case arises out of an ongoing dispute over title to property located at 432 Anteelah Trail in Knoxville, Tennessee [Doc. 1]. It is the third federal lawsuit brought by plaintiff challenging various aspects of the mortgage loan on the property. *See Samples v. Reconstruct Co., N.A.*, No. 3:11-CV-550 (E.D. Tenn. Feb. 9, 2012) (voluntarily dismissed); *Samples v. Wescott Mortg. & Capital, LLC*, No. 3:07-CV-427 (E.D. Tenn. Nov. 4, 2010) (dismissed for failure to prosecute).

Plaintiff initiated the instant action on September 2, 2014, alleging that the holder of the deed of trust to the property has become unknown, and the deed of trust rendered defective and unenforceable, due to the securitization of the mortgage note related to the property [Doc 1].[1] Thus, plaintiff asks the Court to declare that the deed of trust to the property is null and void, and order "all parties with valid and legitimate claims to the subject property under this specific Deed of Trust to come forth and provide proof of claim, else release their claim." [*Id.* at p. 8].

A concurrent action over title to the property is pending in the Chancery Court of Knox County, Tennessee, as case number 187087-3 [Doc. 4-5; Doc. 4-6]. The action was initiated by current-defendants Wells Fargo Bank and Rubin Lublin TN against current-plaintiff Michelle Samples and other individuals and entities [Doc. 4-5 p. 1–2].

---

[1] Plaintiff filed her complaint with the Clerk of Court in hard copy format. Page three of the complaint became separated from the remainder of the document when the complaint was uploaded to the Court's Case Management/Electronic Case Files system ("CM/ECF"). Page three has since been uploaded as an attachment to the complaint, listed as Document 1-4. The Court has reviewed the entirety of the complaint, including page three, in considering the instant motions to dismiss.

2

According to the allegations in the state court complaint, Ms. Samples executed a deed of trust to the property at issue when she obtained a home refinance loan in 2006 [*Id.* at p. 5]. Between February 2010 and March 2010, Ms. Samples allegedly recorded a number of documents pertaining to the property in an apparent attempt to extinguish the interest secured by the deed of trust [*Id.* at p. 5–8]. Ownership of the deed of trust was transferred to Wells Fargo Bank in October 2013, and Rubin Lublin TN was named as Successor Trustee in November 2013 [*Id.* at 9–10]. Through the state court action, Wells Fargo Bank and Rubin Lublin TN seek to remove the cloud on their title to the property [*Id.* at 10–14].

## II. Standard of Review

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Therefore, subject matter jurisdiction is a threshold issue, which the Court must consider prior to reaching the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unlike a motion to dismiss on the merits under Rule 12(b)(6), "where subject matter jurisdiction is challenged under Rule 12(b)(1) . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting

3

*Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) (internal quotation marks omitted).

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A *facial* attack is a challenge to the sufficiency of the pleading itself." *Ritchie*, 15 F.3d at 598. In considering whether jurisdiction has been established on the face of the pleadings, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Ritchie*, 15 F.3d at 598 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)).

"A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Id.* In considering whether jurisdiction has been proved as a matter of fact, "a trial court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (citations omitted). "[N]o presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 598 (internal citation omitted).

Here, defendants support their challenge to subject matter jurisdiction by submitting copies of the legal instruments at issue [Doc. 4-1; Doc. 4-2; Doc. 4-3; Doc. 4-4] and the parties' pleadings in the Chancery Court of Knox County, Tennessee [Doc. 4-

5; Doc. 4-6]. Because the chancery court documents are not part of the pleadings in this case, defendants' jurisdictional challenge is a factual attack. *See Howard v. Whitbeck*, 382 F.3d 633, 636–37 (6th Cir. 2004) ("While this [case] is a 'factual' challenge, as the parties submitted exhibits relating to the state-court proceedings, the district court made no factual findings that would require deference.").

### III. Analysis

Pursuant to the *Princess Lida* doctrine, "[i]f two suits are in rem or quasi in rem, so that the court must have possession or some control over the property in order to grant the relief sought, the jurisdiction of one court must yield to that of the other." *Cartwright v. Garner*, 751 F.3d 752, 761 (6th Cir. 2014) (citations omitted); *see Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466 (1939). Thus, when concurrent actions in rem or quasi in rem have been brought in state and federal court, the federal court is deprived of subject matter jurisdiction if the state court first exercised jurisdiction over the property at issue pursuant to state law. *Cartwright*, 751 F.3d at 761–63.

"The first question in determining whether the *Princess Lida* doctrine applies in this case to deprive the federal court of jurisdiction is whether the district court and Tennessee state court actions are quasi in rem." *Id.* at 761–62. An action is quasi in rem if it "affects the interests of particular persons in designated property." *Hanson v. Denckla*, 357 U.S. 235, 246 n.12 (1958). Here, plaintiff's federal complaint seeks to quiet title to the property at issue by having the Court declare that defendants' claim in the property is null and void [Doc. 1 p. 8]. Similarly, the complaint filed by Wells Fargo

5

Bank and Rubin Lublin TN in Tennessee chancery court seeks to remove the alleged cloud on title to the property at issue by having the chancery court declare that the deed of trust grants them a valid, enforceable, and first priority interest against the property [Doc. 4-5 p. 13–14]. Thus, both cases seek "to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson*, 357 U.S. at 246 n.12. Therefore, the Court finds that both actions are quasi in rem.

The second—and final—question in determining whether the *Princess Lida* doctrine applies in this case to deprive the Court of jurisdiction is whether the Tennessee chancery court first exercised jurisdiction over the property at issue pursuant to state law. *Cartwright*, 571 F.3d at 762–63. In Tennessee, chancery courts have jurisdiction to hear suits to remove a cloud on title. *Blackburn v. Blackburn*, 2013 WL 5745946, at *5 (Tenn. Ct. App. Oct. 22, 2013) (citing *Huggins v. Emory*, 484 S.W.2d 351, 353 (Tenn. 1972)). Therefore, the chancery court has jurisdiction over the concurrent state action filed by Wells Fargo Bank and Rubin Lublin TN.

Wells Fargo Bank and Rubin Lublin TN signed and submitted their complaint to the chancery court on March 5, 2014 [Doc. 4-5 p. 14]. Plaintiff did not file her federal complaint until September 2, 2014 [Doc. 1]. Thus, defendants assert that the chancery court exercised jurisdiction first [Doc. 4 p. 5]. Plaintiff has not objected to or rebutted this characterization of the procedural facts. *See Cartwright*, 751 F.3d at 760 ("Plaintiff bears the burden of establishing that subject matter jurisdiction exists."). Therefore, the

Court finds that the Tennessee chancery court first exercised jurisdiction over the property at issue pursuant to state law. Accordingly, the Court's jurisdiction must yield to that of the Tennessee chancery court.

## IV. Conclusion

For these reasons, the Court concludes that it lacks subject matter jurisdiction to hear this case. Consequently, defendants' motions to dismiss [Doc. 3; Doc. 11] will be **GRANTED**, and plaintiff's action will be **DISMISSED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE